IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACK WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>　　　　Defendant. | CIVIL NO. 06-5383(NLH)<br><br>**OPINION** |

**APPEARANCES:**

David Lazarus, Esquire
　　Brian G. Smith, Esquire
Community Health Law Project, Inc.
900 Haddon Ave., Suite 400
Collingswood, NJ 08108

　　Attorney for Plaintiff

Christopher J. Christie
United States Attorney
　　By:　Dennis J. Canning, Esquire
　　　　Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278

　　Attorney for Defendant

**HILLMAN**, District Judge

　　Plaintiff Jack Williams brings this action before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), for review of the final decision of the Commissioner of the Social Security Administration denying his application for a period of Disability Insurance Benefits and

Supplemental Security Income ("Social Security benefits") under Title II and Title XVI of the Social Security Act.  42 U.S.C. § 401, et seq.  Plaintiff moves for the case to be reversed and remanded under "dire need" status and with additional instructions.  The Commissioner is willing to stipulate to a remand for further administrative proceedings, but opposes the specific provisions added by Plaintiff.  For the following reasons, the motions for remand are granted; Plaintiff's request for additional instructions is denied.

**I. BACKGROUND & PROCEDURAL HISTORY**

On March 5, 2003, Plaintiff filed an application for Social Security benefits, claiming the onset date of his alleged disability was July 21, 2002.  (Def. Br. at 4.)  Plaintiff's application was denied initially and upon reconsideration.  (Id.)  He requested a hearing before an Administrative Law Judge ("ALJ") who subsequently found Plaintiff not disabled.  (Id. at 5.)  Plaintiff sought review by the Appeals Council and was denied; the Commissioner's final answer was filed on February 22, 2007.  (Id.)  Plaintiff then sought this Court's review.

Plaintiff argues that the ALJ has made multiple errors which are evident on the face of the record.  (Pl. Br. at 3.)  These errors include: the ALJ's failure to correctly consider the opinion of Plaintiff's treating physician; the ALJ's failure to

2

grant or deny the request for I.Q. testing; the ALJ's failure to order a psychiatric evaluation; the ALJ's misinterpretation of the Vocational Expert's ("VE") testimony; the ALJ's failure to provide evidence in support of his contentions that Plaintiff lacks credibility; and the Appeal Council's failure to consider Plaintiff's letter brief before denying review of the ALJ's decision.[1]  (Pl. Br. at 3-4.)

Plaintiff seeks to have the Commissioner's decision reversed and remanded with a "dire need" status to ensure that the matter is "heard in a timely fashion."  (Pl. Br. at 6.) Additionally, Plaintiff asks this court to direct the ALJ to (1) order, *inter alia*, consultative psychological and psychiatric evaluations as well as IQ testing, (2) place restrictions on the ALJ's ability to consider Plaintiff's functional limitations, and (3) to order the ALJ to reevaluate Plaintiff's credibility under Social Security Ruling ("SSR") 96-7p.[2]  (Pl. Br. at 5-7.)

Defendant admits that there were "some defects" in the ALJ's determination and concedes that the decision was "erroneous."

---

[1] Plaintiff states that the letter brief was somehow misplaced by the Defendant and never made it "from the FAX machine to Mr. Williams's file."  (P. Br. at 3 n.4)

[2] SSR 96-7p provides that the credibility of an individual cannot be based solely on the "intangible or intuitive notion[s]" of the ALJ.  Rather, the ALJ's findings must be supported by the evidence and the determination must be clearly articulated.  It is not sufficient for the ALJ to make a "single conclusory statement" that Plaintiff's allegations are not credible.

(Def. Br. at 4-6.)  Defendant also seeks remand so that the ALJ can remedy any previous defects in his decision by more fully developing and properly evaluating the record.  (Def. Br. at 23.) Defendant opposes Plaintiff's requests for additional instructions, however.

Both parties are in agreement that the Commissioner's decision should be remanded.  Therefore, the only question before this Court is whether the case should be remanded with instructions.[3]

**II. DISCUSSION**

   **A.   Whether Plaintiff's case should be granted "dire need" status**

Plaintiff argues that, on remand, this case should be granted "dire need" status to ensure that the matter is handled expeditiously.  (Pl. Br. at 6.)  Plaintiff claims that the ALJ's

---

[3]  Although Plaintiff claims in his brief that he is not asking this Court to make a finding of disability (Pl. Br. at 5), his initial prayer for relief asks that the Court "vacate the decision of the Defendant, *find that the Plaintiff is eligible for benefits* . . . and remand this matter to the Defendant *for the award of benefits*," (Pl. Complaint Part V.1)(emphasis added).  It is inappropriate to remand a case solely for the calculation of benefits unless "the record provides persuasive proof of disability" and further proceedings would serve no purpose. Berman v. Comm'n of Soc. Sec., 2007 WL 2178073, at *2 (E.D.N.Y. July 25, 2007)(quoting Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980)).  Here, Plaintiff's disability claim has been denied repeatedly. (Pl. Br. at 1.)  This Court has not reviewed the factual findings and other legal determinations of the ALJ. Even though there are a number of inconsistences and admitted errors that must be addressed on remand, they do not automatically establish that Plaintiff is disabled.

4

many errors, coupled with the fact that the Appeals Council lost Plaintiff's letter brief, has "delayed this matter for years." (Pl. Br. at 6.)

In examining the procedural history of this case as described by the Plaintiff, it is evident that the primary delay in this process occurred between the time that Plaintiff requested and was finally granted a hearing before an ALJ. Plaintiff's brief indicates that he requested a hearing before an ALJ on December 15, 2003, but he did not actually have this hearing until June 8, 2005.  It is not clear, however, that the delay can be solely attributed to either the ALJ or the Appeals Council.

Regardless of the reasons for the delay, the Court is conscious of the amount of time that has passed since Plaintiff first filed his application for Social Security benefits on February 3, 2003.  The Court also recognizes that the increasingly delayed review of disability cases presents a "systemwide predicament."  Davenport v. Bowen, 709 F. Supp. 634, 635 (E.D.Pa. 1989)(citations omitted).  Consequently, it is fully expected that on remand, the Social Security Administration will expedite its handling of this case. See Cadillac v. Barnhart, 84 Fed. Appx. 163, 164 (3d Cir. 2003)(expressing the Court's "disappointment and disapproval at the unconscionable delay" that "plagued" Claimant's application); see also Mason-Page v. Bowen,

5

655 F. Supp. 255, 258-59 (D.N.J. 1987)(considering a twelve month lapse between remand order and hearing an "egregious delay"). However, a special "dire need" status is unnecessary because the term "dire need status" is not a term of art used by the Social Security Administration.

### B.  Whether the case should be remanded with special instructions

Plaintiff additionally requests that this case be remanded with detailed instructions that require the ALJ to order specific testing, be bound to his prior determination that Plaintiff is at best capable of sedentary work, and reevaluate Plaintiff's credibility under SSR 96-7p.  Plaintiff also argues that the ALJ has already restricted the question of the his abilities and limitations to the sedentary exertional level and, therefore, should have to "live with [that] upper limitation." (Pl. Br. at 7.)

Plaintiff's requests will be denied.  When the ALJ first heard Plaintiff's case, the ALJ was required to consider all relevant evidence and accompany his ultimate finding with a "clear and satisfactory explication of the basis on which it rests."  Fargnoli v. Massanari, 247 F.3d 34, 41 (3d Cir. 2001).  The Commissioner has admitted that the ALJ failed to do this.  Indeed, the Commissioner has acknowledged that there were "defects in [the ALJ's] decision," and requested remand for further evaluation of the "claimant's subjective complaints and

6

the credibility of his statements," as well as Plaintiff's "mental impairments." (Def. Br. at 6.) Thus, the Commissioner is aware of the defects, and presumably will not make the same errors on remand.

Furthermore, while we assume this Court has the power to remand with instructions, such a procedure would further delay these proceedings since such instructions should only follow a thorough review of the record below. Moreover, such a review by this court should follow - and not be substitute for - the proper development of the record below. See, e.g., Mingo v. Apfel, 1998 WL 373411 at *2 (D. Kan. July 1, 1998) (ALJ has duty on remand to fully develop the record)(citing Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (same)).

By agreeing to remand and acknowledging the ALJ's errors, the Commissioner has in effect accelerated, for the first time, Plaintiff's case. Even though it is understandable why Plaintiff asks the Court to impose instructions upon the Commissioner to ensure that the ALJ will not repeat the same mistakes, the Commissioner's acknowledgment of the ALJ's errors, and its *sua sponte* request for remand, evidences that his intention is for the ALJ to consider all relevant evidence and accompany his ultimate finding with a clear and satisfactory explanation of the basis on which it rests in a timely fashion.

Accordingly, the decision of the ALJ will be reversed and

7

remanded, without additional instruction from this Court, so the Commissioner can apply the correct legal standards *de novo*.

Dated: November 26, 2007              s/ Noel L. Hillman

At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.